UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANGEL A. CUMBE,

        Plaintiff,

        -against-                                 **REPORT AND RECOMMENDATION**
                                                    16-CV-392-AMD-SJB

PETER PAN DONUTS AND PASTRIES INC.,
CHRISTAS SIAKAKIS,
DONNA SIAFAKAS

        Defendants.
-------------------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

        A letter was filed by Plaintiff dated March 16, 2018, (Dkt. No. 44), seeking approval of the settlement agreement reached by Plaintiff Angel A. Cumbe and Defendants Peter Pan Donuts, Inc. and Donna Siafakas.[1] A fairness hearing was held on April 17, 2018, and the parties were directed to file a revised settlement agreement addressing the Court's concerns regarding the scope of the release as discussed on the record.

        The Court has reviewed the motion filed by Plaintiff dated May 3, 2018, (Dkt. No. 45), which included a revised settlement agreement. The Court finds that "the [revised] agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Information Networking Computing, USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1

---

[1] Defendant Christas Siakakis was terminated from the case on August 7, 2017. (See Order dated August 7, 2017).

(E.D.N.Y. Mar. 13, 2008) (internal quotations and citation omitted); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).

In reaching this conclusion, the Court has considered, among other things, (1) that the settlement amount of $90,000 as reflected in the revised agreement provides Plaintiff with a net recovery of $60,000, after $30,000 in attorney's fees. This amount is substantial and fair, and within the possible range of recovery, which is between $25,739.26 and $112,901. (Dkt. No. 44 at 1-2). In other words, Plaintiff will receive about 53% of his maximum recovery, which is in line with the proportion recovered in similar cases where courts have approved a settlement. *See, e.g.*, *Rodriguez-Hernandez v. K Bread & Co., Inc.*, No. 15-CV-6848, 2017 WL 2266874, at *4 (S.D.N.Y. May 23, 2017) (approving a settlement of 26% of potential damages given "bona fide disputes" between the parties and litigation risks); *Weidong Li v. Ichiban Mei Rong Li Inc.*, No. 16-CV-0863, 2017 WL 1750374, at *2 (N.D.N.Y. May 4, 2017) ("When considered against the potential maximum recovery should plaintiff prevail, which defendants approximate to be $32,735.04, plus costs and attorney's fees, the settlement amount of $25,000 [which includes attorney's fees] is manifestly reasonable.").

The Court has also considered that (2) that the attorney's fees portion of the settlement after costs is for an amount equal to one-third of the total amount of the settlement, and this percentage is in line with the "33 percent generally accepted by courts in this district for attorneys' fees in FLSA cases," *Lopez v. 41-06 Bell Blvd. Bakery LLC*, No. 15-CV-6953, 2016 WL 6156199, at *3 (E.D.N.Y. Oct. 3, 2016), *report and recommendation adopted*, 2016 WL 6208481 (Oct. 21, 2016); (3) that the release provided for in the revised agreement is limited in scope; and (4) that the revised settlement agreement does not impose provisions such as a duty of confidentiality.

For the reasons above and stated on the record, it is therefore respectfully recommended that the revised settlement be approved.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

> */s/ Sanket J. Bulsara May 15, 2018*
> SANKET J. BULSARA
> United States Magistrate Judge

Brooklyn, New York